UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

RICHARD ALAN SKIDMORE,

       Plaintiff,

v.

DOETSCH BROWARD, LLC D/B/A
BROWARD DOOR CLOSURE D/B/A
DOETSCH'S GLASS AND ALUMINUM,
LUIGI GIUSEPPE DAMASCENO II,

       Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, RICHARD ALAN SKIDMORE, brings this action against Defendants, DOETSCH BROWARD, LLC D/B/A BROWARD DOOR CLOSURE D/B/A DOETSCH'S GLASS AND ALUMINUM and LUIGI GIUSEPPE DAMASCENO II, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff RICHARD ALAN SKIDMORE was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. Defendant, DOETSCH BROWARD, LLC D/B/A BROWARD DOOR CLOSURE D/B/A DOETSCH'S GLASS AND ALUMINUM, is located in Broward County, Florida.

4. At all times material hereto, Defendant, DOETSCH BROWARD, LLC D/B/A BROWARD DOOR CLOSURE D/B/A DOETSCH'S GLASS AND ALUMINUM, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of glass and door installation and service, at all times material hereto was the "employer" of Plaintiff as that

term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendant, LUIGI GIUSEPPE DAMASCENO II, is a resident of Palm Beach County, Florida and was, and now is, a manager of Defendant, DOETSCH BROWARD, LLC D/B/A BROWARD DOOR CLOSURE D/B/A DOETSCH'S GLASS AND ALUMINUM, controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of DOETSCH BROWARD, LLC D/B/A BROWARD DOOR CLOSURE D/B/A DOETSCH'S GLASS AND ALUMINUM. Accordingly, LUIGI GIUSEPPE DAMASCENO II was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6. Two or more of Defendants' employees handled tools, supplies, and equipment manufactured outside Florida in furtherance of their business, including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

7. Plaintiff RICHARD ALAN SKIDMORE worked for Defendants as a service technician.

8. Defendants failed to pay Plaintiff's full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for hours worked over 40 each week.

9. Attached as Exhibit A is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

10. Defendants have knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

11. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

12. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**
**ALL DEFENDANTS**

13.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-12 above as if set forth herein in full.

14.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

15.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email:  ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791